Criminal Case Template











COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




RONALD D. BURCHETT,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-01-00394-CR


Appeal from the


243rd District Court


of El Paso County, Texas


(TC# 20010D00829)


M E M O R A N D U M O P I N I O N


 This is an appeal from a conviction of burglary of a habitation and three counts of
aggravated assault. After a jury trial, the jury assessed a punishment of eighteen 18 years'
confinement in the Institutional Division of the Texas Department of Criminal Justice and
a $2,000 fine on each count. We affirm the judgment of the trial court.

I. SUMMARY OF THE EVIDENCE


 In December of 2000, Appellant and Nick Fernandez appeared at the doorstep of
Robert Zingaro, one of the victims in this case. Appellant and Fernandez were attempting
to locate Christopher Sylvester, who is Zingaro's stepson and the second victim in this
incident. Appellant and Fernandez were told Christopher was not home. After identifying
themselves, Zingaro immediately recognized the two as having given Christopher problems
by way of a "previous incident." Consequently, Appellant and Fernandez were told to leave
the property and to make no contact with Christopher. Next, Zingaro attempted to close the
door. However, Fernandez, who had a butcher knife, and Appellant prevented Zingaro from
closing the door and pushed their way in. Zingaro ran to his bedroom to get a pistol. A
struggle ensued for the pistol and Appellant ended up with the pistol after Zingaro's eyes
were sprayed with pepper spray by Fernandez. At this point, Zingaro pretended to have a
heart attack and asked Fernandez and Appellant to call 911, which they refused to do. After
looking for medication, which did not exist, Fernandez and Appellant handcuffed Zingaro
with electrical zipties. Even though Appellant was waving the gun around and pointing it
in Zingaro's direction, Appellant made it clear to Zingaro that he was not going to be killed
and that they were there for Christopher.

 Christopher arrived home with Shea Finley, Christopher's friend and the third victim
in this incident. Appellant then appeared out of Zingaro's bedroom and pointed the gun at
Christopher and Finley and demanded them to go to the living room. Appellant then told
Fernandez to handcuff Christopher. At this point, Zingaro ran out the front door. While
Appellant and Fernandez dragged Christopher out to the living room, Finley also made an
escape through the backdoor to call 911.


 After slamming Christopher onto the floor, Appellant left the gun at Christopher's
side. While handcuffed, Christopher rolled over onto the gun and fired all the rounds into
the floor to empty the gun. Another struggle ensued until the police arrived. Appellant
eventually surrendered to police officers. 

 Appellant gave a written confession that admitted forcing their way into Zingaro's
home. During testimony, however, Appellant stated he was invited into Zingaro's home. The jury returned a guilty verdict of burglary of habitation and aggravated assault
against Zingaro (Count I), Christopher (Count II), and Finley (Count III). 

II. DISCUSSION


 In his sole point of error, Appellant argues that the evidence was insufficient as a
matter of law to support a guilty verdict of burglary of habitation. More specifically,
Appellant maintains that the State failed to present evidence aside from Appellant's
confession corroborating that he committed the offenses.

 In reviewing the sufficiency of the evidence to support a criminal conviction, the
appellate courts are constrained to view all the evidence in a light most favorable to the
verdict to determine whether any rational trier of fact could find the essential elements of the
crime as alleged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex. Crim. App. 1991);
Nevarez v. State, 847 S.W.2d 637, 643 (Tex. App.--El Paso 1993, pet. ref'd). The appellate
courts role is not to ascertain whether the evidence establishes guilt beyond a reasonable
doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990). Nor does the court resolve any conflict of fact or
assign credibility to the witnesses as it was the function of the trier of fact to accept or reject
any, part, or all of any witness's testimony. See Adelman v. State, 828 S.W.2d 418, 421 (Tex.
Crim. App. 1992). Instead, an appellate court's duty is only to determine if both the explicit
and implicit findings of the trier of fact are rational by viewing all the evidence admitted at
trial in a light most favorable to the verdict. Id. at 421-22. In so doing, any inconsistencies
in the evidence are resolved in favor of the verdict. Matson v. State, 819 S.W.2d 839, 843
(Tex. Crim. App. 1991) (quoting Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988)). In cases where the evidence is legally insufficient to support the conviction, a retrial
is prohibited and a judgment of acquittal must be entered. Meraz v. State, 785 S.W.2d 146,
156 (Tex. Crim. App. 1990). Sufficiency of the evidence should be measured by the
elements of the offense as defined by the hypothetically correct charge for the case. Malik
v. State, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997).

 The Texas Penal Code provides the elements for the offense of burglary of a
habitation. A person commits an offense if, without the effective consent of the owner, the
person enters a building or habitation and commits or attempts to commit a felony, theft, or
an assault. Tex. Pen. Code Ann. § 30.02 (a)(3) (Vernon 2003). Assault is when a person
intentionally or knowingly threatens another with imminent bodily injury. Id. at Section
22.01. A person commits aggravated assault if the person commits an assault and uses or
exhibits a deadly weapon during the commission of the assault. Id. at Section 22.02. 
Consent means assent in fact. Id. at Section 1.07(11). Consent is not effective if induced by
force, threat, or fraud. Id. at Section 1.07(19a). 

 In Zingaro's testimony, Zingaro ordered Appellant and Fernandez to leave his
property. He tried closing the door but Appellant and Fernandez pushed the door in and
forced themselves into his home. Additionally, this corroborates Appellant's confession
which said that Zingaro tried to shut the door, but that Appellant and Fernandez would not
allow him to shut the door. Even if Appellant says otherwise during his testimony, a jury,
as the judge of the credibility of the witnesses, may believe all, some, or none of the
testimony. Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Viewing the
evidence in a light most favorable to the verdict, we hold that a rational jury could have
found beyond a reasonable doubt that appellant entered the house without the effective
consent of the owner.

 With regard to aggravated assault with a deadly weapon, all three victims testified that
Appellant had a gun with him the whole time after he took it away from Zingaro. They also
testified that he was pointing the gun at them or in their direction several times. Additionally,
Zingaro feared his life would be ended during the assault. Christopher also testified that he
was scared. While Appellant specifically denied ever intending to hurt anyone, the jury
could choose to believe or not believe such testimony, as the judge of the credibility of the
witnesses. Id. Appellant's sole issue on review is overruled.


 Having overruled Appellant's sole issue on review, we affirm the judgment of the trial
court.

October 27, 2003

 

 

 

 RICHARD BARAJAS, Chief Justice



Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)